**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRACY ATKINSON,

    *Plaintiff*,

v.

CHOICE HOME WARRANTY

    *Defendant.*

Civil Action No. 22-04464

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    This matter arises out of an alleged series of unwanted telephone solicitations. Plaintiff Tracy Atkinson claims that Defendant Choice Home Warranty ("CHW") placed at least seven calls to her cell phone attempting to sell her a home warranty in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Texas Business and Commerce Code § 302.101. Defendant filed the present motion, seeking dismissal of the Complaint for failure to state a claim and dismissal of Plaintiff's request for injunctive relief for lack of standing. D.E. 8. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, Defendant's motion is **DENIED**.

---

[1] The submissions consist of CHW's motion to dismiss, D.E. 8 ("Br."); Plaintiff's opposition, D.E. 10 ("Opp."); and CHW's reply, D.E. 11 ("Reply").

I.  **BACKGROUND**[2]

Plaintiff had a cell phone which she "primarily used . . . for residential purposes." D.E. 1. ("Compl.") ¶¶ 12-13.  Plaintiff "registered that cell phone number on the Do Not Call Registry on or around December 2, 2008."  *Id.* ¶ 14.  Nevertheless, "[b]eginning on or around October 13, 2021, Defendant began calling Ms. Atkinson on her cellular telephone to sell Plaintiff a home warranty plan."  *Id.* ¶ 16.  Plaintiff did not consent to these calls.  *Id.* ¶ 18.  The Complaint alleges that "Defendant placed at least 7 calls to Plaintiff," and includes the following chart of the calls:

| Date: | Caller ID: |
|---|---|
| October 13, 2021 9:09 am | 210-712-1299 |
| October 18, 2021 4:33 pm | 210-712-1299 |
| October 22, 2021 1:16 pm | 210-712-1299 |
| October 27, 2021 3:12 pm | 210-712-1299 |
| October 27, 2021 3:18 pm | 817-406-9994 |
| October 28, 2021 12:05 pm | 210-714-5061 |
| November 1, 2021 5:10 pm | 210-712-1299 |

*Id.* ¶¶ 21-22.

During the October 27, 2021, 3:12 pm call, Plaintiff "asked if the company making the calls had a website."  *Id.* ¶ 24.  Plaintiff alleges that the person on the phone "provided 'ChoiceHomeWarranty.com' as the website associated with the party making the calls."  *Id.*  During that same call, Plaintiff requested to be removed from the company's call list.  *Id.* ¶¶ 26-27.  However, Plaintiff continued to receive calls from Defendant.  *Id.* ¶¶ 28, 30, 32.  Plaintiff informed the caller on two subsequent calls that she had requested to be removed from the call list.  *Id.* ¶¶ 29, 31.  Plaintiff alleges that CHW "directly placed the subject calls," but that "[i]f in fact, during the course of discovery, Plaintiff learns [CHW] engaged a third-party vendor to place the

---

[2] The factual background is taken from Plaintiff's Complaint. D.E. 1.

subject calls, [CHW] would be vicariously liable for such calls." *Id.* ¶¶ 35-36. Moreover, Plaintiff alleges that the calls were placed with "malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff." *Id.* ¶ 40. Plaintiff also alleges that CHW "sought the business of Plaintiff at her Texas phone number while she was a Texas resident." *Id.* ¶ 34. Plaintiff claims, however, that CHW did not "register as a telephone solicitor with the Texas Secretary of State" as required by Texas law. *Id.* ¶¶ 34, 45.

Plaintiff's Complaint seeks actual and statutory damages under the TCPA and Texas law as well as injunctive relief. *Id.* The present motion followed. D.E. 8.

## II. STANDARD OF REVIEW

CHW moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the

plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (citation omitted). If, after viewing the allegations in the complaint in the manner most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols., LLC*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010). "[T]he defendant bears the burden of showing that the plaintiff has not stated a claim." *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 299 n.4 (3d Cir. 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).

CHW also seeks to dismiss Plaintiff's request for injunctive relief pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. To decide such a motion, a court must first determine whether the party presents a facial or factual attack against a complaint. A facial attack contests "subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack challenges "the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'" *Davis*, 824 F.3d at 346 (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). Here, CHW's motion appears to be a facial attack, and as a result, like a Rule 12(b)(6) motion to dismiss, "the Court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### III.   ANALYSIS

#### A.  Count I – TCPA Claim

Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls.  *See Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 372 (2012).  Congress also provided a private right of action for people who have "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]"  47 U.S.C. § 227(c)(5).  The regulations provide that "[n]o person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry[.]"  47 C.F.R. § 64.1200(c)(2).

CHW raises many perceived pleading deficiencies as to Plaintiff's TCPA claim.  First, CHW claims that Plaintiff has not pled that CHW directly, physically made the calls at issue, as required for direct liability under the TCPA.  *See Aaronson v. CHW Grp., Inc.*, No. 18-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) ("In order to establish that a defendant is directly liable under the TCPA, courts have concluded that the plaintiff must show that the defendant actually, physically initiated the telephone call at issue." (citation omitted)).  The Court disagrees.  In various instances, Plaintiff explicitly alleges that Defendant directly placed the relevant calls.  *See, e.g.*, Compl. ¶ 16 ("*Defendant* began calling Ms. Atkinson" on or around October 13, 2021 (emphasis added)); *id.* ¶ 20 ("*Defendant* placed calls to Ms. Atkinson on numerous occasions attempting to solicit Plaintiff a home warranty plan[.]" (emphasis added)); *id.* ¶ 21 ("In total, *Defendant* placed at least 7 calls to Plaintiff[.]" (emphasis added)).  While these allegations might be too conclusory to state a claim standing alone, Plaintiff further alleges that when she "asked if *the company making the calls* had a website," the person on the phone "provided

5

'ChoiceHomeWarranty.com' as the website[.]" *Id.* ¶ 24 (emphasis added). Considered in a light most favorable to Plaintiff, as is required on a motion to dismiss, this allegation allows the Court to draw the reasonable inference that CHW directly made the October 27, 2021, 3:12 pm call. *Cf. Dudley v. Vision Solar, LLC*, No. 21-659, 2021 WL 3077557, at *4 (D.N.J. July 21, 2021) (relying on "common sense alone" to find a claim facially plausible where plaintiff alleged that "the entity that placed the call and scheduled the appointment was the same entity that arrived at Plaintiffs' home for the prearranged meeting and presented Plaintiffs with a business card"). Moreover, because four other calls came from the same phone number as that call, the Court can reasonably infer that "more than one telephone call" was directly placed by Defendant.

Defendant cites to various non-binding decisions in search of a contrary result. For instance, Defendant relies on *Landy v. Natural Power Sources, LLC*, No. 21-00425, 2021 WL 3634162, at *3 (D.N.J. Aug. 17, 2021). In that case, the court ruled that plaintiff had not sufficiently alleged that defendant was directly liable for making the call. *Id.* The plaintiff in *Landy* only alleged that once he was on the call, "he was transferred to" the defendant, without alleging that the defendant placed the initial call. *Id.* Here, Plaintiff alleges explicitly that Defendant placed at least seven calls and that she was provided with "ChoiceHomeWarranty.com" when she asked "if the company making the calls had a website." Compl. ¶¶ 21-24. *Landy* is inapposite.

Plaintiff also cites to *Smith v. Vision Solar LLC*, No. 20-2185, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020). In that case, the plaintiffs alleged that the defendant contacted one plaintiff "from multiple telephone numbers confirmed to belong to Defendant." *Id.* Plaintiff did not, however, "point to any further information . . . to justify this conclusion." *Id.* Thus, the court found that plaintiffs had not sufficiently pled that the calls came from the defendant. *Id.* But here,

6

Atkinson points to a specific fact leading to her conclusion that the calls came from CHW—the provision of the website bearing their name. Thus, *Smith* is also distinguishable.

CHW also relies on *Aaronson v. CHW Group, Inc.*, 2019 WL 8953349, at *2. That case noted that "at the pleading stage, plaintiff must allege facts to support [her] conclusion or belief that defendant is the party that made the calls to plaintiff's cellular phone." *Id*. (citation omitted). There, the plaintiff did not provide any "details from the telephone calls that would tend to identify defendant as the party that actually, physically took the steps to place the calls to plaintiff's phone." *Id*. Similarly, the court in *Bank v. Vivint Solar, Inc.*, No. 18-2555, 2019 WL 2280731, at *2 (E.D.N.Y. Feb. 25, 2019), *report and rec. adopted*, 2019 WL 1306064 (Mar. 22, 2019), found that plaintiff failed to state a TCPA claim, observing that "absent from the pleading are any specifics as to the statements made [on the phone call] regarding the source of the [call] or the entity or entities whose business was being promoted." Atkinson, however, provided such a detail by alleging that she "asked if *the company making the calls* had a website" and was "provided 'ChoiceHomeWarranty.com' as the website associated with the party making the calls." Compl. ¶ 24. Thus, Plaintiff has pled what the *Aaronson* and *Vivint Solar* courts said was lacking—specific facts to support a reasonable inference that the defendant made the call.

Defendant's reliance on *Meeks v. Buffalo Wild Wings, Inc.*, No. 17-07129, 2018 WL 1524067, at *1-5 (N.D. Cal. Mar. 28, 2018), fares no better. *Meeks* held that the plaintiff had not alleged liability as to defendant Yelp because, while the text messages were sent through Yelp's application, plaintiff's complaint contained "affirmative allegations confirming that Yelp was *not* the maker or initiator of those text messages." *Id.* at *5 (emphasis in original). Instead, the plaintiff alleged that "the app users, *i.e.*, the Buffalo Wild Wings restaurants, initiated the text messages because they, and not Yelp, decided whether, when, and to whom to send the text messages." *Id.*

7

at *4. Atkinson alleges that CHW directly placed the calls at issue, not that it was a software middleman or "platform" through which the calls were made, making *Meeks* inapposite. Defendant's reliance on *Sheski v. Shopify (USA) Inc.*, No. 19-06858, 2020 WL 2474421, at *2-4 (N.D. Cal. May 13, 2020), another case where the defendant merely "provide[d] a platform" for sending text messages but did not have "any control over a retailer's actual text marketing campaigns," fails for the same reason.

Second, Defendant claims that Plaintiff has failed to adequately plead common law agency as necessary to support a claim that CHW is vicariously liable for the calls. Plaintiff admits that she did not "attempt to plead the factual basis for vicarious liability." Opp. at 12; Compl. ¶ 36 ("If in fact, during the course of discovery, Plaintiff learns [CHW] engaged a third-party vendor to place the subject calls, [CHW] would be vicariously liable for such calls."). Given Plaintiff's concession that this was not an attempt to plead vicarious liability, it is unnecessary for the Court to consider Defendant's arguments on this point. Both parties and the Court agree that Plaintiff has not adequately pled vicarious liability—instead, as explained above, she relies on a theory of direct liability at this stage.

Third, Defendant argues that Plaintiff failed to adequately plead that the phone receiving the calls was a "residential telephone." Br. at 18-20. As noted, the relevant regulations prohibit a person or entity from initiating "any telephone solicitation to . . . [a] *residential telephone subscriber* who has registered his or her telephone number on the national do-not-call registry[.]" 47 C.F.R. § 64.1200(c)(2) (emphasis added). "The consensus in [the Third] Circuit is that Do Not Call claims may apply to cell phones." *Dudley*, 2021 WL 3077557, at *5 (citations omitted). Defendant's own authority shows that some courts begin with a presumption that a cellular phone number is "residential" where it has been registered on the national do-not-call registry. *See*

*Mantha v. QuoteWizard.com, LLC*, No. 19-12235, 2022 WL 325722, at *6 (D. Mass. Feb. 3, 2022). "[I]t is not required that a plaintiff provide extensive detail to state a plausible claim as to the residential character of his cell phone." *Dudley*, 2021 WL 3077557, at *5 (citation omitted).

Plaintiff alleges that she registered her cell phone number on the do-not-call registry, and that she uses that cell phone "primarily . . . for residential purposes." Compl. ¶¶ 13, 15. In *Dudley*, the plaintiff only alleged that "[p]laintiffs cell phone numbers [were] used for 'residential purposes.'" *Dudley*, 2021 WL 3077557, at *5. The court noted that "[w]hile the Complaint does not allege additional facts to elaborate on the residential nature of [p]laintiff's cell phones," such allegations are not necessary to state a claim. *Id.* Instead, "the explicit allegation that the cell phone numbers were used 'for residential purposes'" was sufficient. *Id.* (citation omitted). Here, Plaintiff's registration with the do-not-call registry, Compl. ¶ 15, coupled with her explicit allegation that the cell phone is in fact "residential," *id.* ¶ 15, is sufficient at this stage.

Fourth, Defendant claims that Plaintiff has failed to adequately plead that the calls here constitute "telephone solicitations" as required by the statute. Br. at 20-21. The TCPA defines "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person[.]" 47 U.S.C. § 227(a)(4). Plaintiff alleges that "Defendant began calling Ms. Atkinson on her cellular telephone to sell Plaintiff a home warranty plan." Compl. ¶ 16. Plaintiff further alleges that the calls were made "for telemarketing purposes" and that "Defendant placed calls to Ms. Atkinson on numerous occasions attempting to solicit Plaintiff a home warranty plan that Plaintiff had no interest in." *Id*. ¶¶ 19-20. Plaintiff has clearly alleged that the calls were for the purpose of encouraging her to purchase a good or service, as required by the statute. Thus, Defendant's argument on this point falls short.

9

Fifth, Defendant argues that Plaintiff has not adequately pled that Defendant made more than one "telephone solicitation" to Plaintiff within twelve months.  Br. at 22.  As noted above, Plaintiff alleges at least seven total calls, all of which took place within less than one month.[3]  Compl. ¶¶ 21-22.  Five of these calls came from the phone number 210-712-1299, which was the phone number that called when Plaintiff was provided with "ChoiceHomeWarranty.com" as the website for "the company making the calls."  *Id*. ¶¶ 22, 24.  Thus, at a minimum, the five calls which came from the same phone number can be directly attributed to Defendant and Plaintiff has sufficiently alleged that she received "more than one telephone call within any 12-month period by or on behalf of the same entity."  47 U.S.C. § 227(c)(5).

Defendant relies on *Greene v. Select Funding, LLC*, No. 20-07333, 2021 WL 4926495, at *5 (C.D. Cal. Feb. 5, 2021), in which the court observed that the plaintiff had only answered one call from defendant, which was insufficient to allow the court "to reasonably infer that [the] other calls were solicitations." *Id.*  Here, while Plaintiff only alleges the specific content of one call, she answered the phone on at least three occasions, Compl. ¶¶ 24, 29, 31, claims that "Defendant began calling Ms. Atkinson on her cellular telephone to sell Plaintiff a home warranty plan," *id*. ¶ 16, that the "calls" were "for telemarketing purposes," *id.* ¶ 19 and that "Defendant placed *calls* to Ms. Atkinson on *numerous occasions* attempting to solicit Plaintiff a home warranty plan," *id.* ¶ 20 (emphasis added).  These allegations create a reasonable inference that more than one of the seven calls explicitly listed were "telephone solicitations" in violation of the statute.

Defendant's sixth and final argument as to the TCPA claim is that Plaintiff has not adequately pled a willful or knowing violation, as necessary to allow entitlement to treble damages.

---

[3] Plaintiff also alleges that she "received additional calls from Defendant" beyond those seven. Compl. ¶ 23.

*See* 47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendant's actions were "malicious, intentional, willful, reckless, wanton and negligent" and had the "purpose of harassing Plaintiff." Compl. ¶ 40. While these allegations are conclusory, Plaintiff further alleges that she asked to be removed from Defendant's call list on three occasions but continued to receive calls. *Id.* ¶¶ 26-32. Drawing all reasonable inferences in favor of Plaintiff, the Complaint sufficiently alleges that Defendant acted willfully or knowingly in continuing to call Plaintiff despite her repeated indications that she did not wish to receive such calls.

For the foregoing reasons, the motion to dismiss Count I is denied.

### B. Count II – Texas Law Claim[4]

Defendant, without citing to any authority, also challenges Plaintiff's claim for violation of the Texas Business and Commerce Code, arguing that "the Complaint provides *zero* facts supporting the essential elements of such a claim." Br. at 23 (emphasis in original). Texas law provides that "[a] seller may not make a telephone solicitation . . . to a purchaser located in [Texas] unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

Plaintiff alleges that CHW "sought the business of Plaintiff at her Texas phone number while she was a Texas resident, despite the fact that [CHW] failed to register as a telephone solicitor with the Texas Secretary of State." Compl. ¶ 34. Plaintiff further alleges that CHW engaged in "continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State." *Id.* ¶ 45. These allegations

---

[4] Defendant argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim if the TCPA claim is dismissed. Br. at 23. Because Plaintiff's TCPA claim survives the motion to dismiss, the Court does not reach this argument.

sufficiently state a claim for a violation of §302.101, and thus the motion to dismiss is denied as to Count II.

In its reply, Defendant seeks to distinguish a case cited by Plaintiff, *Pepper v. Life Protect 24/7, Inc.*, No. 20-02154, 2021 WL 4084514, at *3 (S.D. Tex. Mar. 1, 2021), on the basis that, there, "the plaintiff's complaint 'cite[d] a web address that confirmed[ed] that [the defendant] was [not] registered with the Office of the Secretary of State at the time the calls were placed." Reply at 14. That case, however, did not find that such allegations were *necessary* to state a claim. Further, what Defendant appears to demand is closer to evidence than it is to the plausible allegations required to survive a Rule 12(b)(6) motion. *See Hassan v. City of New York*, 804 F.3d 277, 296 (3d Cir. 2015) ("[w]hile it is possible that Plaintiffs will ultimately falter in meeting their burden of proof, the collection of evidence is the object of discovery" and the "pleading of 'evidence'" is not required).

Defendant also notes that Plaintiff did not allege facts to demonstrate that three statutory exceptions to liability do not apply. Br. at 23 n.10. But the Federal Rules only require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and a plaintiff is not required to plead around every possible statutory exception or defense to her claim. *Bello v. Cap. One Bank (USA) N.A.*, No. 20-01218, 2020 WL 728804, at *4 (D.N.J. Feb. 13, 2020) (citing *United States v. Columbus Country Club*, 915 F.2d 877, 882 (3d Cir. 1990)) (noting that "it is not [p]laintiff's responsibility to foreclose" the application of statutory exceptions; rather, it is the defendant's burden to establish that a statutory exception to liability applies). It is sufficient that Plaintiff has plausibly alleged the *prima facie* elements of her claim, and that the application of the exceptions noted by Defendant is not apparent from the face of the Complaint.

### C. Standing to Seek Injunctive Relief

Finally, Defendant argues that Plaintiff lacks Article III standing to pursue injunctive relief because she has not alleged any threat of future injury.[5] Br. at 23-25. Article III of the U.S. Constitution limits the judicial power of federal courts to deciding "Cases" or "Controversies." U.S. Const. art. III, § 2. To meet the case-or-controversy requirement, a plaintiff must show that she has standing to sue. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citation omitted); *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) ("Subsumed within [Article III] is the requirement that a litigant have standing[.]"). To satisfy Article III's standing requirements, the burden is on the plaintiff to show the following:

> (1) [she] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[A] plaintiff must demonstrate standing separately for each form of relief sought[.]" *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (citing *Friends of the Earth*, 528 U.S. at 185). The Court must presume that it lacks jurisdiction unless the party invoking jurisdiction establishes otherwise. *Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 429 (D.N.J. 1999) (citing *Phila. Fed. of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)).

---

[5] The TCPA explicitly provides a private right of action which permits a plaintiff to bring "an action based on a violation of the regulations prescribed under this subsection to enjoin such violation." 47 U.S.C. § 227(c)(5)(A). This statutory provision, however, does not obviate the need to establish the constitutional prerequisite of Article III standing. *See Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979) ("Congress may, by legislation, expand standing to the full extent permitted by Art. III . . . In no event, however, may Congress abrogate the Art. III *minima*[.]" (citations omitted)).

When a plaintiff seeks injunctive relief, they must demonstrate that they are "likely to suffer future injury" from the conduct to be enjoined. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 111 (1983) ("The equitable remedy [of injunctive relief] is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again[.]" (citation omitted)). At this stage, given the recurrent and relatively recent nature of the alleged calls, Compl. ¶¶ 21-22, and the fact that Defendant continued to call Plaintiff after she repeatedly asked to be removed from the call list, *id.* ¶¶ 26-32, the Court finds that Plaintiff has alleged facts which, accepted as true, establish a sufficient likelihood that Defendant will call her again in the future. Thus, the motion to dismiss Plaintiff's request for injunctive relief for lack of subject matter jurisdiction is denied.

IV.  **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss, D.E. 8, is **DENIED**. An appropriate Order accompanies this Opinion.

Dated: January 11, 2023

_____
John Michael Vazquez, U.S.D.J.

14